Mark H. Tinsley and Emma E. Tinsley v. Commissioner.
Tinsley v. Commissioner
Docket No. 45246.
United States Tax Court
T.C. Memo 1954-119; 1954 Tax Ct. Memo LEXIS 128; 13 T.C.M. (CCH) 764; T.C.M. (RIA) 54225; August 6, 1954, Filed *128 Mark H. Tinsley, 3122 N. W. 32nd Street, Miami, Fla., pro se. D. Z. Cauble, Jr., Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The Commissioner determined a deficiency in income tax against petitioners for the calendar year 1949 in the amount of $13,410. Petitioners are husband and wife, residing in Miami, Florida, and filed a joint income tax return for 1949 with the collector of internal revenue for the district of Florida. The principal issue presented at the trial was whether petitioners were chargeable with $39,381.56 as income distributable to them from a partnership in which they were asserted to have been members during the taxable year. The brief filed by respondent concedes this issue and it is therefore not before us for adjudication. However, a minor issue, unrelated to the foregoing, remains for disposition. [Findings of Fact] Petitioner Mark H. Tinsley operated a numbers game during 1949. The respondent disallowed in full the $1,500.05 business deductions claimed in the return which petitioners had filed for 1949. The deductions claimed were as follows: Business telephone
$ 125.40
Depreciation of equipment
175.00
Office rent
275.00
Mileage at 5" per mile on business car
(18493)
924.65
Total
$1,500.05
*129 The Commissioner's disallowance was based upon lack of substantiation. [Opinion] There was some testimony with respect to these items at the trial. Although the evidence is somewhat sketchy and is not as complete as we would like, we are reasonably satisfied on the record that petitioner Mark H. Tinsley actually incurred the expenses claimed for telephone and rent, and we hold that they must be allowed. We are also satisfied that he incurred some expense for use of an automobile, but the evidence in this regard was so vague that we cannot accept the amount claimed on the return. Applying the rule of (C.A. 2), we find that $400 in deductible expenses was incurred with respect to this item in 1949. As to the $175 item for depreciation, the evidence is so unsatisfactory that we hold that the Commissioner's determination must be sustained. The record leaves us wholly in the dark as to what, if any, unrecovered basis as of the beginning of the taxable year attached to the equipment, nor was there any satisfactory evidence as to the alleged useful life of such equipment. In the circumstances, we hold that the deduction was *130 properly disallowed. Cf. . An adjustment made by the Commissioner in connection with a deduction claimed for medical expense will have to be revised so as to take into account the disposition of the foregoing issues. Decision will be entered under Rule 50.